IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 23-cr-294-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DIANE DALMY,

      Defendant.

---

**RESPONSE IN OPPOSITION TO MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE**

---

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully submits the following response in opposition to defendant Diane Dalmy's motion for early termination of supervised release (the "Motion"). ECF #2.

Background

On February 6, 2018, the defendant—who was at the time a licensed Colorado lawyer and adjunct professor at the University of Colorado business school teaching courses on business law and ethics—waived indictment and pled guilty to Count One of an information charging her with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371. *United States v. Dalmy*, 18-cr-21-JAM ECF #1 (D.Conn. Feb. 6, 2018). According to the presentence investigation report from her District of Connecticut case, the defendant conspired with others to execute a wire fraud scheme to defraud investors who purchased stock in particular companies for which the defendant served

1

as securities counsel. PSR ¶ 11.

The defendant pled guilty to Count One of the information on February 6, 2018, pursuant to a plea agreement. 18-cr-21-JAM ECF #3, 4.  The defendant was sentenced on May 16, 2018, to 36 months' imprisonment to be followed by three years of supervised release. She was also ordered to pay restitution of $2,000,000, to be paid on a monthly basis of no less than $500 per month. 18-cr-21-JAM ECF #21.  On July 27, 2018, the Government filed a motion seeking resentencing based on the defendant's "willful failure to pay restitution." 18-cr-21-JAM ECF #33.  On November 6, 2018, the Court granted the Government's motion and re-sentenced the defendant to her statutory maximum of 60 months. 18-cr-21-JAM ECF #42, 54.

The defendant finished the incarceratory term of her sentence and was released to supervision on January 14, 2022.  Jurisdiction of the defendant's case was transferred to the District of Colorado on June 13, 2023.  Supervision is set to expire on January 13, 2025.

The defendant filed the instant *pro se* Motion for early termination of supervised release on June 27, 2023. ECF #2.

## Early Termination of Supervised Release

The Government has communicated with the defendant's assigned probation officer in the District of Colorado and concurs with the Probation Office's recommendation that the defendant's motion be denied.  The Government has also communicated with an AUSA in the District of Connecticut who prosecuted the defendant's case, and that AUSA expressed that the prosecution team "strongly opposes" the defendant's Motion.

As an initial matter, as described by the Probation Office, the defendant has a history of deceptive and dishonest behavior—even setting aside the offense conduct in this case.  As described in the Government's motion for re-sentencing in the District of Connecticut, prior to her original sentencing hearing, the defendant was required to complete a financial affidavit disclosing her assets to the Probation Office, including "any cash on hand." 18-cr-21-JAM ECF #33.  The defendant indicated she had no cash on hand.  *Id*.  However, after the defendant was sentenced, but before she surrendered to the BOP to serve her sentence, the Government learned that the defendant had secreted cash in a storage unit in Littleton, Colorado that she was purposefully hiding from the Government.  *Id*.  Specifically, shortly after the sentencing hearing, the defendant told a longtime friend that she had $60,000 cash in a cedar chest in her home in Denver, Colorado and asked the friend to hold the money while the defendant served her sentence.  *Id*.  The friend alerted the Government to the defendant's deception and subsequently engaged in communications with the defendant at the Government's request.  *Id*.  The defendant told her friend that she had "a small amount of money saved up" that was her "little cushion" and that she was going to hide it in a storage unit. *Id*.  The Government obtained a search warrant for the storage unit in Littleton, Colorado, and located $47,000 in previously-undisclosed cash.  *Id*.

As a result of the defendant's deceptive conduct, the Court granted the Government's motion for resentencing, noting that the Court had, at her sentencing hearing, "emphasized the importance to Dalmy of her promptly making restitution payments in advance of sentencing."  18-cr-21-JAM ECF #42.  The Court also noted that, at the sentencing hearing, the defendant appeared remorseful and appeared to

take full responsibility for her actions.  *Id*.  In granting the motion for resentencing, the

Court noted that by "squirrel[ing] money away for a 'rainy day' to use after she finished

her term of imprisonment," the defendant "acted with knowledge and willful intent to

evade her restitution obligations."  *Id*.  As described above, the Court re-sentenced the

defendant to 60 months' imprisonment—her statutory maximum. 18-cr-21-JAM ECF

#42, 54.

  After completing her term of imprisonment and while on supervision in the District

of Connecticut, the defendant repeatedly flirted with the edge of compliance with her

supervision conditions.  On April 13, 2022, the defendant filed a motion to be permitted

to travel outside of Colorado for four weeks. 18-cr-21-JAM ECF #84.  The Government

opposed the motion.  18-cr-21-JAM ECF #85. The Government pointed out that the

defendant "has consistently refused to participate in required mental health treatment"

and has "refused to work" on the basis that she was scheduled to have knee surgery.

*Id*.  In addition, the Government noted that the defendant still has a significant restitution

obligation outstanding, and paying for a significant, lengthy trip would cost money that

should instead be paid to her victims.  *Id*.  The Court denied the defendant's motion,

noting if that she was well enough to travel for four weeks out of state, she was well

enough to participate in mental health treatment.  18-cr-21-JAM ECF #86.

  The defendant has filed numerous other motions to travel, some of which have

been granted and some of which have been denied.  *See* 18-cr-21-JAM ECF #87, 93,

98.  The Government opposed some and consented to others.  In one such opposition,

the Government explained that the defendant "does not take seriously the requirements

of her supervision."  18-cr-21-JAM ECF #95.  For instance, the defendant was "deficient

in documenting her employment and income, which is necessary to determine her
compliance with supervision." *Id*.  She also repeatedly purchased tickets for travel
before receiving permission to travel, which is problematic because the defendant owes
significant restitution and the Probation Office ought to be entitled to inquire about the
source of her funds.

In addition to the compliance problems detailed in the District of Connecticut
filings, in its submission to the Court in response to the instant Motion, the Probation
Office describes in detail other concerns related to the defendant's complicated financial
situation, including discrepancies in the income she reported earning from her various
employers; concerns about financial irregularities that sparked a Connecticut Financial
Litigation Unit investigation; and failures to report changes in bank account as required.
The Probation Officer's submission also explains that the defendant at the outset of
supervision struggled to comply with her mental health treatment obligations, but has
since remained in treatment continuously since April 2022.  It is the Probation Office's
view, shared with her treatment provider, that it is important that the defendant continue
this treatment.

Ultimately, the Government agrees with the Probation Office that given the defendant's history of deception and misrepresentation, and her struggle to abide by the terms of her supervision, that termination is not appropriate at this juncture.  The Government respectfully requests that the Court deny the defendant's Motion.

Respectfully submitted this 12th day of July, 2023.

COLE FINEGAN
United States Attorney

By:     *s/ Andrea Surratt*
Andrea Surratt
Assistant United States Attorney
U.S. Attorney's Office
1801 California St., Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
e-mail:  Andrea.Surratt@usdoj.gov
Attorney for the Government

Copy mailed to:
Diane Dalmy
2000 East 12th Avenue #32
Denver, CO 80206