IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-cr-00294-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

DIANE DALMY,

    Defendant.

---

MOTION FOR LIMITED UNSEALING OF FILING

---

    I, Diane Dalmy, proceeding *pro se*, herewith move the Court to order the Clerk to unseal the U.S. Probation Office's *Response* (ECF 6) to my *Motion for Early Termination* (ECF 2)

    1.    On June 27, 2023, I filed a *Motion for Early Termination* in this Court, serving both the United States Attorney and the United States Probation Office with a copy of the document. On June 28, 2023, this Court directed the United States Attorney and the United States Probation Office to "respond to defendant's *Motion to Terminate Supervision* on or before July 12, 2023."

    2.    I received a service copy of the United States Attorney's Office's reply in the mail on Saturday, July 15, 2023. However, I did not receive a copy of the filing by the United States Probation Office. This Court denied my *Motion* by an *Order* issued July 18, 2023, which specifically referenced statements made in the Probation Office *Response*.

- *1* -

3. I sought a copy of the Probation filing – which includes eight exhibits – from the Clerk's office, but the Clerk refused to provide a copy and referred me to the U.S. Probation Office. I then sought a copy of the Probation filing from the U.S. Probation Office, but that office refused to provide it as well.

4. My conditions of supervised release include a special condition that I participate in mental health treatment, in a program in which I have no expectation of confidentiality as to the contents or results of the treatment from the U.S. Probation Office. As such, a condition of my supervised release implicates my liberty interest. *United States v. Barajas*, 331 F.3d 1141, 1147 (10th Cir. 2003). Thus, I am entitled to procedural due process under the 5th Amendment.

5. As a matter of procedural due process," a district court must provide both the government and the defendant with notice of and an opportunity to contest in writing any information that is new and the court intends to rely on in addressing a § 3582(c)(2) motion." *United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010) (holding that the district court violated the defendant's due process rights by denying his § 3582(c)(2) motion based on a probation officer's memorandum that outlined the defendant's post-conviction conduct but was not docketed or given to either party). *Accord, United States v. Norris*, 62 F.4th 441, 448 (8th Cir. 2023); *United States v. Vestal*, 716 Fed.Appx 512, 514 (6th Cir. 2017). Early termination of supervised release is easily analogous to grant of a § 3582(c)(2) sentence reduction motion, especially where a liberty interest is implicated in the supervised release term.

6. Even where a term of supervised release does not contain a special condition that implicates a liberty interest, courts have held that a district court "abuses its discretion when there is no 'opportunity [for a movant] to respond to [*prejudicial*] information' because he or she

- 3 -

lacks access 'to the material on which the court will base its sentencing decision.'" *Norris, supra* citing *United States v. Alaniz*, 961 F.3d 998, 999 (8th Cir. 2020).

7.      I have no doubt that the Court believed I had been served with both the Government's *Response* and the Probation Office's *Response,* or it would not have acted on my *Motion*. I have reason to believe that the Probation Office's *Response* contained incorrect information upon which the Court relied, but I cannot tell that without examining the filing.

WHEREFORE, I move that the Court unseal the U.S. Probation Office *Response* (ECF 6) in order for the Clerk to provide me with a copy, and thereafter to reseal the document. The statements of fact made herein are true, under penalty of perjury.

Executed July 24, 2023

_____
Diane Dalmy
Reg. No. 25737-014
2000 East 12th Avenue, #32
Denver CO 80206
(303) 870-4211
ddalmy@earthlink.net

- 4 -

## CERTIFICATE OF SERVICE

I herewith certify pursuant to 28 U.S.C. § 1746 that I have transmitted a manually-signed original of the foregoing *Motion* by causing the same to be ~~sent through first-class mail, postage prepaid, ad~~ [hand delivered] dressed to the following:

> Clerk of Court
> U.S. District Court for
>    District of Colorado
> 901 19th Street, Room A105
> Denver CO, 80294-3589

and I have served a true and complete copy of the same by depositing said document by first-class mail, postage prepaid, addressed to the following:

| | |
|---|---|
| Andrea Surratt | Damillah Williams |
| Assistant United States Attorney | U.S. Probation Office |
| 1801 California Street | 1929 Stout Street, Ste. C-120 |
| Suite 1600 | Denver CO 80294 |
| Denver, CO 80820 | |

The foregoing statements are true under penalty of perjury.

Executed July 24, 2023

_____
Diane Dalmy