# EXHIBIT 7

**From:** Diane Dalmy <ddalmy@earthlink.net>
**Sent:** Tuesday, September 12, 2023 6:39 PM
**To:** Damillah Williams <Damillah_Williams@cod.uscourts.gov>
**Subject:** RE: Diane Dalmy 2022 Federal Income Tax Return on 8.28.23

Damillah: This email is in response to your email below. Your numbers are in error:

(1) You state that for 2022, I owed $9,966.70 in restitution on income of $92,666.91. You state that I am past due in my restitution balance of $1,759.73.

    (a) Ten percent of $92,666.91 is $9,266.69, not $9,966.70. You have overstated my obligation by $700.01.

    (b) You assume that I owe restitution of 10% on ALL of my 2022 income. In fact, I began supervised release on January 14, 2022. I only owe 10% restitution on income earned during my period of supervised release. I made a deposit of $4,476.16 (with cash back of $476.16) on January 20, 2022. The deposit items – $1,537.50 from Robin Hult, Accountant, and two paychecks with a gross of $2,287.47 (net of $1,938.66) – totaled $4,476.16, which was income earned and checks dated prior to January 14, 2022. I took cash back from the deposit of $476.16 and deposited $4,000.00.
When the gross amounts of the Whole Foods paychecks and the $1,537.50 from Robin Hult are deducted from my annual gross income, the amount of gross income I earned during supervised release last year was $88,846.94.

    (c) You state that the Clerk reports that I only paid $7,506.97 in restitution in 2022. However, as the attached Clerk's report indicates, the Clerk believes I paid $7,843.34. from January 1, 2022, through December 31, 2022.

    (d) However, the Clerk's report also shows I paid $545.55 in January 2023. This payment was made on my December 2022 income of $8,913.86. Because the January 2023 payment was for December 2022 income, that payment is includable in the calculation of my 2022 restitution payments.
When the January 2023 payment is included, the amount paid in 2022 is $8,388.89. This payment was in excess of my claimed gross income for the year, which was $82,640.25.

    (e) I did find two errors in my 2022 reporting, however. The first was minor. When the Social Security Administration reported that it would be withholding 15% of my monthly SSI, I reasonably believed that the amount would be constant monthly, because my check was a constant payment.
The amount credited by the Clerk to my restitution was not a full 15%, and fluctuated monthly. But as you can see from my SSA-1099, the Social Security Administration reported that it withheld $4,250.70. Giving credit to this number that I actually paid (when the January 2023 payment is included), the amount paid in 2022 is $8,576.50.
The second error was not minor. I am obligated to pay 10% of my gross income in restitution. Only when I got my SSA-1099 and then consulted with Mr. Hult, my

tax preparer, did I learn that the Social Security Administration considers my gross income from Social Security to include Medicare Part B payments made on my behalf and the $4,250.70 garnished from my monthly payment. Including these items made my Social Security gross income $30,391.20. This means that I inadvertently understated my gross income by $6,291.90, because I only counted money I received from Social Security. This is responsible for the difference between my supervised release income of $88,846.94 and what I reported.

I should have paid $8,884.69 in restitution, which is 10% of my supervised release income of $88,846.94. I was short by $308.19, which I have paid to the Clerk today. I also include my letter dated September 8, 2023 for payment of restitution for August 2023.

Henceforth, I will include extra restitution to account for the gross value of social security benefits.

Therefore, please respond by Friday, September 15th regarding my travel request so that my daughter can purchase these airlines tickets without the concern of further increases in prices.

Thank you.

Diane