# EXHIBIT 11

**From:** Damillah Williams [mailto:Damillah_Williams@cod.uscourts.gov]
**Sent:** Friday, September 15, 2023 5:50 PM
**To:** Diane Dalmy
**Subject:** RE: Diane Dalmy 2022 Federal Income Tax Return on 8.28.23

Diane,

There are several things that are a bit confusing in your wording and language throughout the email.

To clarify, your J&C does not require you to pay 10% of your income while you are on "supervised release", your obligation simply states "The defendant shall pay any restitution that is imposed by this judgment, [jointly and severally with defendants in related cases], in a lump sum immediately. If the defendant is unable to pay the full balance in a lump sum, any remaining balance is payable at a rate of0020not less than $500 per month or 10% of the defendant's gross monthly income, whichever is greater. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the probation officer and approved by the Court."

Please note, you are not only subject to this restitution collection order and this will be fully enforced once you terminate from supervision as well.

Again, the total amount you paid in restitution is $7506.97 as outlined by the Clerk's office and the income you reported is $92,666.91 meaning a total of $9,266.69 in restitution should've been paid. Based solely on your 2022 income, you are past due in your restitution obligation as ordered by the court in the amount of $1,759.72. It should be noted, this same amount of the past due balance has been confirmed with our Financial Litigation Unit and is due.

Any payment credited to your account by the Clerk's office is not being taken, nor will be considered when looking at your 2022 payments and income you reported to the IRS and the probation office/Court.

With respect to the SSI income, the SSA-1099 indicates you had a gross income of $30,391.20 but reported to the probation office/Court a gross income from SSI prior to the filing of your 2022 Income Tax Return an income of $24,099.60. This is a difference of $6,291.60 meaning an outstanding amount in additional unpaid restitution due is $629.16.

Therefore, your total outstanding past due restitution balance is $2,388.88.

I received an email that you submitted 2 separate payments of $1,451.53 and a payment in the amount of $308.19. This totals to $1,759.72. I have no verification received by you of these payments and can not consider this until they are posted by the Clerk's office to your account unless you forward your emailed receipts of these payments for consideration. This unfortunately leaves an outstanding past due balance of $629.16. While I understand the importance of travel for you to be with your daughter which appears to be for a very important event in her life, the

importance of compliance with court orders and payments toward your obligated restitution is of the utmost importance to our courts and the victim(s) in this case.

At this juncture, your request for travel is denied and will not be considered until your past due restitution obligation is up to date with verified payments provided for this officer to review.

Please let me know if you have any other questions.

Thank you,



**Damillah Williams**
U.S. Probation Officer
District of Colorado
1929 Stout Street, Suite C-120
Denver, CO 80294
Office: 303-335-2476
Fax: 303-844-5439

**CONFIDENTIALITY NOTICE:** This email is intended only for the person(s) named in the message header. Unless otherwise indicated, it contains information that is confidential, privileged and/or exempt from disclosure under applicable law. If you have received this message in error, please notify the sender of the error and delete the message. Thank you.

**From:** Diane Dalmy <ddalmy@earthlink.net>
**Sent:** Tuesday, September 12, 2023 6:39 PM
**To:** Damillah Williams <Damillah_Williams@cod.uscourts.gov>
**Subject:** RE: Diane Dalmy 2022 Federal Income Tax Return on 8.28.23

**CAUTION - EXTERNAL:**

Damillah: This email is in response to your email below. Your numbers are in error:

(1) You state that for 2022, I owed $9,966.70 in restitution on income of $92,666.91. You state that I am past due in my restitution balance of $1,759.73.

    (a)    Ten percent of $92,666.91 is $9,266.69, not $9,966.70. You have overstated my obligation by $700.01.

    (b)    You assume that I owe restitution of 10% on ALL of my 2022 income. In fact, I began supervised release on January 14, 2022. I only owe 10% restitution on income earned during my period of supervised release. I made a deposit of $4,476.16 (with cash back of $476.16) on January 20, 2022. The deposit items – $1,537.50 from Robin Hult, Accountant, and two paychecks with a gross of $2,287.47 (net of $1,938.66) – totaled $4,476.16, which was income earned and checks dated prior to January 14, 2022. I took cash back from the deposit of $476.16 and deposited $4,000.00.
When the gross amounts of the Whole Foods paychecks and the $1,537.50 from Robin Hult are deducted from my annual gross income, the amount of gross income I earned during supervised release last year was $88,846.94.

(c)     You state that the Clerk reports that I only paid $7,506.97 in restitution in 2022. However, as the attached Clerk's report indicates, the Clerk believes I paid $7,843.34. from January 1, 2022, through December 31, 2022.

(d)     However, the Clerk's report also shows I paid $545.55 in January 2023. This payment was made on my December 2022 income of $8,913.86. Because the January 2023 payment was for December 2022 income, that payment is includable in the calculation of my 2022 restitution payments.
When the January 2023 payment is included, the amount paid in 2022 is $8,388.89. This payment was in excess of my claimed gross income for the year, which was $82,640.25.

(e)     I did find two errors in my 2022 reporting, however. The first was minor. When the Social Security Administration reported that it would be withholding 15% of my monthly SSI, I reasonably believed that the amount would be constant monthly, because my check was a constant payment.
The amount credited by the Clerk to my restitution was not a full 15%, and fluctuated monthly. But as you can see from my SSA-1099, the Social Security Administration reported that it withheld $4,250.70. Giving credit to this number that I actually paid (when the January 2023 payment is included), the amount paid in 2022 is $8,576.50.
The second error was not minor. I am obligated to pay 10% of my gross income in restitution. Only when I got my SSA-1099 and then consulted with Mr. Hult, my tax preparer, did I learn that the Social Security Administration considers my gross income from Social Security to include Medicare Part B payments made on my behalf and the $4,250.70 garnished from my monthly payment. Including these items made my Social Security gross income $30,391.20. This means that I inadvertently understated my gross income by $6,291.90, because I only counted money I received from Social Security. This is responsible for the difference between my supervised release income of $88,846.94 and what I reported.
I should have paid $8,884.69 in restitution, which is 10% of my supervised release income of $88,846.94. I was short by $308.19, which I have paid to the Clerk today. I also include my letter dated September 8, 2023 for payment of restitution for August 2023.
Henceforth, I will include extra restitution to account for the gross value of social security benefits.
Therefore, please respond by Friday, September 15th regarding my travel request so that my daughter can purchase these airlines tickets without the concern of further increases in prices.
Thank you.    Diane