# EXHIBIT 12

Damillah:

Thank you for your Friday email response. I now understand how our communications have been so confused. We have not been reading from the same *Judgment*.

The language you have cited is from the *Judgment in a Criminal Case* entered in my case on May 16, 2018 (ECF 21). However, that *Judgment* was superseded by the *Amended Judgment in a Criminal Case* entered on December 11, 2018 (ECF 54). I am attaching the relevant page of the May 16 *Judgment* and the December 11 *Amended Judgment*.

As you can see, the $500/10% payment requirement applies to gross monthly income during the term of supervised release. This is why I calculated my 2022 obligation from the commencement of my supervised release on January 14, 2022, and did not sweep in any income earned while I was still in BOP custody. As I recall, we discussed this in our initial meeting when I was attempting to understand the financial documentation, the process and the calculations. I began supervised release on January 14, 2022. Therefore, my calculations regarding restitution were based on income earned during my period of supervised release. I made a deposit of $4,476.16 (with cash back of $476.16) on January 20, 2022. The deposit items – $1,537.50 from Robin Hult, Accountant, and two paychecks with a gross of $2,287.47 (net of $1,938.66) – totaled $4,476.16 was income earned and checks dated prior to January 14, 2022. When the gross amounts of the Whole Foods paychecks and the $1,537.50 from Robin Hult are deducted from my annual gross income, the amount of gross income I earned during supervised release last year was $88,846.94.

Ever since the commencement of my supervised release, I have been filing my report in the first few days of the following month and reporting how much I paid in restitution during the past month. In every case, the restitution I paid was for the month prior to the reporting month. This only makes sense, because I may not be in a position to report my gross income for the month by the 26th of the month in order to ensure delivery of the check by the 30th nor obtain copies of banking statements, etc.

I was never told that I should not make restitution a month in arrears, which is a common practice for payment of taxes, utilities, credit cards and loans. Consistent with the practice I had followed without correction for 11 months, in January 2023, I reported my income for December and made payment of my restitution due on that income. The Clerk's report shows I paid $545.55 in January 2023. This payment was made on my December 2022 income of $8,913.86. Because the January 2023 payment was for December 2022 income, I included that payment in the calculation of my 2022 restitution payments.

Finally, there may be some confusion on my gross income from Social Security. I reported the money I received for every month from Social Security, but I made a good-faith error in not including withheld amounts for Medicare in my reporting. Only when I received my tax return from my accountant did I understand that the SSA gross figure was the figure I should be using instead of the net deposit I was receiving. The gross was much higher both because of Medicare payments being deducted automatically from the check and because 15% was being withheld for restitution.

Going forward, I will declare 1/12th of my annual social security gross each month. However, because the SSA does not provide a report of gross payments and deductions on a monthly basis, I may have to make adjustments when the SSA-1099 form arrives in January.

In your email, you express that I must add the difference between my social security gross income and the $24,099.60 in payments I received and reported to the $92,666.91 in gross income I earned in 2022. You believe that this difference, $6,291.60, means that I owe additional unpaid restitution due $629.16 on top of the $1,759.72 I have paid, for a total additional restitution of $ 2,388.88.

Your calculations are

| | |
|---|---|
| Restitution paid according to Clerk: | $ 7,506.97 |
| Additional restitution you believe I owe: | $ 1,759.72 |
| Additional SS restitution you now say I owe: | $ 629.16 |
| Total restitution you believe is owed for 2022: | $ 9,895.85 |

We are in disagreement as to the $1,759.72, but – as I reported to you – I have sent checks to the clerk for that amount. However, as you can see from page 1 of my Form 1040, the full amount of my SSA payments – $ 30,391.00 – was declared as income.

My gross income figure of $ 92,666.91 thus includes

| | |
|---|---|
| Schleuter & Associate | $ 45,000.00 |
| Robin Hult CPA | $ 3,952.50 |
| Whole Foods | $ 13,323.41 |
| Social Security | $ 30,391.00 |
| Total: | $ 92,666.91 |

I think we can agree that my gross income figure already includes the full gross income from social security. Therefore, the $92,666.91 figure does not need to be increased by $6,291.60, and – even if you are correct about the $ 1,759.72 – I have fully paid any arrearage.

I hope that by resolving the confusion the two separate *Judgments* may have caused and my accounting for Social Security gross revenue, we can make a fresh start. You know that every time I have ever represented to you that I have made a payment by check to the clerk, my representation has been correct. Given that, I ask that you accept my representation that I have sent $1,759.72 to the clerk in two separate payments and that you grant me permission to travel as requested. If you do so and then find out that I misrepresented facts to you, I would be in serious trouble.

This trip, my fourth one to see my daughter in 21 months, is very important to her. Rebuilding family ties is important to anyone who has been incarcerated, and being a good mother and grandmother it is important to me. I ask you to reconsider in light of this email and grant me permission to make the trip.

Lastly, you indicate at the end of your email that "While I understand the importance of travel for you to be with your daughter which appears to be for a very important event in her life, the importance of compliance with court orders and payments toward your obligated restitution is of the utmost importance to our courts and the victim(s) in this case." Irrespective of the second judgment, I have been committed to payment of restitution. My opinion letters provided the basis for the stock scam and I take full responsibility for that. Please note that I paid $16,000 in aggregate restitution on July 31, 2018, and September 14, 2018. Upon release to home confinement, I paid a further aggregate $900 in restitution on March 23, 2021, and September 30, 2021, when I was only working at Whole Foods.

Thank you for your consideration.

Diane Dalmy

**UNITED STATES DISTRICT COURT**

## District of Connecticut

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| v. | CASE NO.: 3:18-cr-00021-JAM-1 |
| | USM NO: 25737-014 |
| Diane Dalmy | |
| | **Avi Perry** |
| | Assistant United States Attorney |
| | |
| | **Daniel E. Wenner** |
| | Defendant's Attorney |

**THE DEFENDANT:** pled guilty to count(s) 1 of the Information.

Accordingly the defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Offense Concluded | Count(s) |
|---|---|---|---|
| 18 U.S.C. § 371, 18 U.S.C. § 1343 | Conspiracy to commit wire fraud | July 2016 | 1 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of 36 months on count 1.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of 3 years on count 1. The Mandatory and Standard Conditions of Supervised Release as attached are imposed. In addition, the following Special Conditions are imposed:

(1) The defendant shall pay any restitution that is imposed by this judgment, [jointly and severally with defendants in related cases], in a lump sum immediately. If the defendant is unable to pay the full balance in a lump sum, any remaining balance is payable at a rate of not less than $500 per month or 10% of the defendant's gross monthly income, whichever is greater. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the probation officer and approved by the Court.
(2)The defendant must not incur new credit card charges above $500 or open additional lines of credit without the approval of the probation officer. The defendant must not add any new names to any lines of credit, and must not be added as a secondary card holder on another's line of credit.
(3)The defendant must provide the probation officer access to any requested financial information and authorize the release of any financial information. The United States Probation Office may share financial information with the U.S. Attorney's Office.
(4) The defendant must participate in a program recommended by the United States Probation Office and approved by the Court for mental health treatment. The defendant must follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program. The defendant must pay all or a portion of costs associated with treatment based on your ability to pay as recommended by the probation officer and approved by the Court.

# UNITED STATES DISTRICT COURT
## District of Connecticut

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | CASE NO.: 3:18-cr-00021-JAM-1 |
| | USM NO: 25737-014 |
| **Diane Dalmy** | |
| | **Avi Perry** |
| | Assistant United States Attorney |
| | |
| | **Robert M. Casale** |
| | Defendant's Attorney |

**THE DEFENDANT:** pled guilty to count(s) 1 of the Information.

Accordingly, the defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Offense Concluded | Count(s) |
|---|---|---|---|
| 18 U.S.C. § 371, 18 U.S.C. § 1343 | Conspiracy to commit wire fraud | July 2016 | 1 |

The following sentence upon resentencing after defendant willfully failed to pay restitution is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of 60 months on count 1.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of 3 years on count 1. The Mandatory and Standard Conditions of Supervised Release as attached are imposed. In addition, the following Special Conditions are imposed:

(1) The defendant shall pay restitution that is imposed by this judgment in accordance with the Court's restitution order and payable in a lump sum immediately. During the term of supervised release, defendant shall pay at a rate of not less than $500 per month or 10% of the defendant's gross monthly income, whichever is greater. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the probation officer and approved by the Court.
(2) The defendant must not incur new credit card charges above $500 or open additional lines of credit without the approval of the probation officer. The defendant must not add any new names to any lines of credit and must not be added as a secondary card holder on another's line of credit.
(3) The defendant must provide the probation officer access to any requested financial information and authorize the release of any financial information. The United States Probation Office may share financial information with the U.S. Attorney's Office.
(4) The defendant must participate in a program recommended by the United States Probation Office and approved by the Court for mental health treatment. The defendant must follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program. The defendant must pay all or a portion of costs associated with treatment based on your ability to pay as recommended by the probation officer and approved by the Court.

| Form **1040** | Department of the Treasury—Internal Revenue Service<br>**U.S. Individual Income Tax Return** | **2022** | OMB No. 1545-0074 | IRS Use Only—Do not write or staple in this space. |
|---|---|---|---|---|

| **Filing Status**<br>Check only one box. | [X] Single  [ ] Married filing jointly  [ ] Married filing separately (MFS)  [ ] Head of household (HOH)  [ ] Qualifying surviving spouse (QSS)<br>If you checked the MFS box, enter the name of your spouse. If you checked the HOH or QSS box, enter the child's name if the qualifying person is a child but not your dependent: |
|---|---|

| Your first name and middle initial<br>D ane | Last name<br>Da my | Your social security number<br>■■■■■■■■■ |
|---|---|---|
| If joint return, spouse's first name and middle initial | Last name | Spouse's social security number |
| Home address (number and street). If you have a P.O. box, see instructions.<br>■■■■■■■■■ | | Apt. no. | Presidential Election Campaign<br>Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund.<br>[ ] You  [ ] Spouse |
| City, town, or post office. If you have a foreign address, also complete spaces below.<br>Denver | State<br>CO | ZIP code<br>80206 |
| Foreign country name | Foreign province/state/county | Foreign postal code |

| **Digital Assets** | At any time during 2022, did you: (a) receive (as a reward, award, or payment for property or services); or (b) sell, exchange, gift, or otherwise dispose of a digital asset (or a financial interest in a digital asset)? (See instructions.)  [ ] Yes  [X] No |
|---|---|

| **Standard Deduction** | Someone can claim:  [ ] You as a dependent  [ ] Your spouse as a dependent<br>[ ] Spouse itemizes on a separate return or you were a dual-status alien |
|---|---|

| **Age/Blindness** | You: [X] Were born before January 2, 1958  [ ] Are blind  Spouse: [ ] Was born before January 2, 1958  [ ] Is blind |
|---|---|

**Dependents** (see instructions):
If more than four dependents, see instructions and check here . . [ ]

| (1) First name   Last name | (2) Social security number | (3) Relationship to you | (4) Check the box if qualifies for (see instructions): | |
|---|---|---|---|---|
| | | | Child tax credit | Credit for other dependents |
| | | | [ ] | [ ] |
| | | | [ ] | [ ] |
| | | | [ ] | [ ] |
| | | | [ ] | [ ] |

| **Income**<br>Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.<br>If you did not get a Form W-2, see instructions.<br>Attach Sch. B if required.<br><br>**Standard Deduction for—**<br>• Single or Married filing separately, $12,950<br>• Married filing jointly or Qualifying surviving spouse, $25,900<br>• Head of household, $19,400<br>• If you checked any box under Standard Deduction, see instructions. | 1a | Total amount from Form(s) W-2, box 1 (see instructions) . . . . . . . . . . . | | 1a | 19,323 |
|---|---|---|---|---|---|
| | b | Household employee wages not reported on Form(s) W-2 . . . . . . . . . . | | 1b | 0 |
| | c | Tip income not reported on line 1a (see instructions) . . . . . . . . . . . | | 1c | 0 |
| | d | Medicaid waiver payments not reported on Form(s) W-2 (see instructions) . . . . | | 1d | 0 |
| | e | Taxable dependent care benefits from Form 2441, line 26 . . . . . . . . . | | 1e | 0 |
| | f | Employer-provided adoption benefits from Form 8839, line 29 . . . . . . . | | 1f | 0 |
| | g | Wages from Form 8919, line 6 . . . . . . . . . . . . . . . . . | | 1g | 0 |
| | h | Other earned income (see instructions) . . . . . . . . . . . . . . | | 1h | 0 |
| | i | Nontaxable combat pay election (see instructions) . . . . . . . . | 1i | 0 | |
| | z | Add lines 1a through 1h . . . . . . . . . . . . . . . . . . . | | 1z | 19,323 |
| | 2a | Tax-exempt interest . . . | 2a | | b Taxable interest . . . . . | 2b | 0 |
| | 3a | Qualified dividends . . . | 3a | 0 | b Ordinary dividends . . . . . | 3b | 0 |
| | 4a | IRA distributions . . . . | 4a | 0 | b Taxable amount . . . . . . | 4b | 0 |
| | 5a | Pensions and annuities . . | 5a | 0 | b Taxable amount . . . . . . | 5b | 0 |
| | 6a | Social security benefits . . | 6a | 30,391 | b Taxable amount . . . . . . | 6b | 0 |
| | c | If you elect to use the lump-sum election method, check here (see instructions) . . . . . [ ] | | | |
| | 7 | Capital gain or (loss). Attach Schedule D if required. If not required, check here . . . . . . [ ] | | 7 | 0 |
| | 8 | Other income from Schedule 1, line 10 . . . . . . . . . . . . . . | | 8 | -15,767 |
| | 9 | Add lines 1z, 2b, 3b, 4b, 5b, 6b, 7, and 8. This is your **total income** . . . . . . . . | | 9 | 3,556 |
| | 10 | Adjustments to income from Schedule 1, line 26 . . . . . . . . . . . | | 10 | 1,529 |
| | 11 | Subtract line 10 from line 9. This is your **adjusted gross income** . . . . . . . . | | 11 | 2,027 |
| | 12 | **Standard deduction or itemized deductions** (from Schedule A) . . . . . . . | | 12 | 14,700 |
| | 13 | Qualified business income deduction from Form 8995 or Form 8995-A . . . . . . | | 13 | 0 |
| | 14 | Add lines 12 and 13 . . . . . . . . . . . . . . . . . . . . | | 14 | 14,700 |
| | 15 | Subtract line 14 from line 11. If zero or less, enter -0-. This is your **taxable income** . . . . . . | | 15 | 0 |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 11320B   Form **1040** (2022)