IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2023 SEP 25  PM 3: 21

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Criminal Case No. 23-cr-00294-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

DIANE DALMY,

    Defendant.

---

SUPPLEMENT TO MOTION FOR PERMISSION TO TRAVEL AND FOR OTHER RELIEF

---

    I, Diane Dalmy, proceeding *pro se*, herewith supplement my request that the Court grant me permission to travel to Seattle, Washington, to visit my daughter on October 4, 2023, through October 8, 2023, filed on September 22, 2023.

    1.    In my *Motion*, I reported that I sent a check for $308.19 to the Clerk of the United States District Court on September 12, to pay an error in my 2022 restitution and provided a copy of the cover letter transmitting that check to my Probation Officer as **Exhibit 8**.[1] When my Officer responded with an email on Thursday, September 14, 2023, in which she averred that I was past due by $1,759.72, not just $308.19, I sent the Clerk of the United States District Court for the District of Connecticut an additional check for $ 1,451.53 under a cover letter dated September 14, 2023. I provided a copy of that letter in my *Motion* as **Exhibit 10.** I disagreed

---

    [1]    All exhibit references other than Exhibits 13 and 14 were filed with my *Motion* on September 21, 2023.

with my Officer's $1,759.72 calculation, but seeing my daughters on October 4 was sufficiently important to me and to them that I believed paying the additional $1,451.53 now and resolving the disagreement on amount later was worth it to obtain permission to travel. I reported to my Officer that these amounts had been paid by check, just as I had reported doing and had in fact done every month for the past 20 months.

2. The day after I paid the $1,451.53 – Friday, September 15, 2023, – my Officer wrote me to increase the amount she contended was past due by $629.16 and informing me that this was also due and owing. *See* September 15, 2023, email from Officer, attached as **Exhibit 11**. She also contended for the first time that "the SSA-1099 indicates you had a gross income of $30,391.20 but reported to the probation office/Court a gross income from SSI prior to the filing of your 2022 Income Tax Return an income of $24,099.60. This is a difference of $6,291.60 meaning an outstanding amount in additional unpaid restitution due is $629.16. Therefore, your total outstanding past due restitution balance is $2,388.88." *Id.*

3. My Officer refused to consider that I had made the payments I claimed to have made the prior week "unless you forward your emailed receipts of these payments for consideration. This unfortunately leaves an outstanding past due balance of $629.16. While I understand the importance of travel for you to be with your daughter which appears to be for a very important event in her life, the importance of compliance with court orders and payments toward your obligated restitution is of the utmost importance to our courts and the victim(s) in this case… At this juncture, your request for travel is denied and will not be considered until your past due restitution obligation is up to date with verified payments provided for this officer to review." *Id.*

4.     At that time, no checks had cleared and I had no access to the Clerk's records to determine whether the checks had posted.

5.     In the middle of the afternoon on Friday, September 22, the Officer sent me the email attached as **Exhibit 13**. Therein, she alleged that I "continue[d] to refuse to provide verification of the payment" to the Clerk, and required proof by the end of the day. As of that time, I had verification from my bank of one payment, and I obtained verification of the second on Friday night.

6.     I responded to her email on Saturday with the attached proof that I made the two payments I had previously represented that I had made. *See* **Exhibit 14**.

7.     I clearly did not "**refuse**" to provide my Officer with anything. Rather, she demanded "emailed receipts of these payments," which I can only assume meant bank proof that the checks had been negotiated and paid. I was unable to provide this proof until Friday night, and I did so immediately.

WHEREFORE, my *Motion* should be granted. The statements of fact made herein are true, under penalty of perjury.

Executed September 25, 2023

Diane Dalmy
Reg. No. 25737-014
2000 East 12th Avenue, #32
Denver CO 80206
(303) 870-4211
ddalmy@earthlink.net

## CERTIFICATE OF SERVICE

I herewith certify pursuant to 28 U.S.C. § 1746 that I have transmitted a manually-signed original of the foregoing *Supplement* by causing the same to be ~~sent through first-class mail, postage prepaid,~~ hand delivered addressed to the following:

> Clerk of Court
> U.S. District Court for
>   District of Colorado
> 901 19th Street, Room A105
> Denver CO, 80294-3589

and I have served a true and complete copy of the same by depositing said document by first-class mail, postage prepaid, addressed to the following:

J.D. Rowell
Office of United States Attorney
1801 California Street
Suite 1600
Denver, CO 80820

Damillah Williams
U.S. Probation Office
1929 Stout Street, Ste. C-120
Denver CO 80294

The foregoing statements are true under penalty of perjury.

Executed September 25, 2023

_____
Diane Dalmy

**EXHIBIT 13**



**Damillah Williams** — 1:49 PM
To: Diane Dalmy

### Travel Request

Good afternoon,

The court received a travel request filed, document 12. As previously requested, you are required to provide verification that your past due restitution obligation has been paid up to date. I can not consider your request for travel if you continue to refuse to provide verification of the payment as your payments are being processed out of State and as you know payments are not immediately posted to your account. Please forward this verification by end of business today so I can respond to the request for travel.

Thank you,

Damillah Williams
U.S. Probation Officer

**EXHIBIT 14**

**From:** Diane Dalmy ddalmy@earthlink.net 
**Subject:** FW: Dalmy Bank Statement Reflecting Resitution Payments
**Date:** September 25, 2023 at 3:47 PM
**To:** Tom Root tlroot@lisa-legalinfo.com

---

**From:** Diane Dalmy [mailto:ddalmy@earthlink.net]
**Sent:** Saturday, September 23, 2023 9:12 AM
**To:** Damillah Williams (Damillah_Williams@cod.uscourts.gov)
**Subject:** Dalmy Bank Statement Reflecting Resitution Payments

Damillah:

You emailed me at 2 pm yesterday demanding that I respond by the end of the day with proof that I had done what I told you I had done, which was to have paid $1,759.72 toward 2022 restitution (most of which I did not owe). In your email, you stated that I "continue to refuse to provide verification of the payment." I was working in Boulder yesterday.

I respectfully suggest that your accusation is both wrong and quite unfair. In your email to me of September 15, you set an impossibly high bar for me to clear in order to prove that I had sent the payments:

> "I received an email that you submitted 2 separate payments of $1,451.53 and a payment in the amount of $308.19. This totals to $1,759.72. I have no verification received by you of these payments and cannot consider this until they are posted by the Clerk's office to your account unless you forward your emailed receipts of these payments for consideration. This unfortunately leaves an outstanding past due balance of $629.16."

You are well aware that the Clerk's office can require weeks to post payments it receives. From the moment I placed the checks in the mail, I controlled neither how quickly they would be negotiated by the Court nor when the Clerk would post the checks to my account (a report to which you have access, but I do not). However, for 20 months now I have reported to you in writing every month that I have sent payment of restitution to the Court, and every month the Clerk's record proves that I did exactly what I told you I had done.

At no time did I ever "refuse to provide verification" to you. Instead, as I had previously stated, you demanded proof that simply did not exist at the time you demanded it. Inability to provide proof is different from **refusal** to provide proof. Your assertion certainly suggests that I deliberately denied you information. That simply is a false statement and untrue.

On Wednesday, my check to the Clerk for $308.19 cleared my bank. At the end of the day yesterday, the second check for $1,451.53 cleared. I attach the proof (which I did not obtain until last night when I arrived home - September 22nd).

There is no outstanding past-due balance of $629.16. My reported gross income of $92,666.91 includes the full $30,391.20 reported by the Social Security Administration. See my email to you of August 29, 2023 that lists gross income from all sources as reflected on the federal tax return.

Attached:

Wells Fargo statement

Diane Dalmy

# WELLS FARGO

**EVERYDAY CHECKING**
Account
...7400
Routing numbers

$410.22
Available balance

### Account & balance info

| | |
|---|---:|
| Current posted balance | $1,861.76 |
| Pending withdrawals/debits | -$1,451.54 |
| Pending deposits/credits | $0.00 |
| Available balance | $410.22 |

Monthly Service Fee Summary | Account fees quick view

## Activity

First
Previous
Next

| Date | Description | Deposits/Credits | Withdrawals/Debits |
|---|---|---:|---:|
| **ending Transactions** | | | |
| **Received for Processing** | | | |
| 09/22/23 | US COURTS-CT PAYMENT 230921 1269 | | $1,451.54 |
| **osted Transactions** | | | |
| 09/20/23 | Check # 1267 (Converted ACH) US COURTS-CT PAYMENT 230919 1267 16951481770015203362 | | $403.40 |
| 09/20/23 | Check # 1268 (Converted ACH) US COURTS-CT PAYMENT 230919 1268 16951481790035203362 | | $308.19 |
| 09/20/23 | STATE FARM RO 27 SFPP 20 S 0007930520 ADAM DALMY | | $175.20 |
| **Totals** | | **$23,784.13** | **$24,258.37** |