IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-cr-00294-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

DIANE DALMY,

    Defendant.

---

## REPLY TO GOVERNMENT RESPONSE TO MOTION FOR PERMISSION TO TRAVEL AND FOR OTHER RELIEF

---

I, Diane Dalmy, proceeding *pro se*, herewith reply to the Government response (ECF 15, filed September 26, 2023) to my request that the Court grant me permission to travel to Seattle, Washington, to visit my daughter on October 4, 2023.

1. The Government has stated that it does not oppose my request to travel. Therefore, for the reasons I explain in my *Motion,* I request that I be granted permission to do so according to the travel plans set out in my *Motion* as Exhibit 1.

2. The Government complains that I "have chosen to make it as difficult as possible for the Probation Officer to determine what income the defendant is earning, what restitution has been paid, and the source of her assets." *Response* at pp. 1-2. The Government is relying on a filing by the Probation Office which I cannot obtain electronically and which my Officer has told

me is coming by mail,[1] so I am unable to address its contents. However, the Government's concession that I am not in arrears for my restitution and its claim that I had 2022 income of $93,875.03 (a number that I have never seen before) implicitly concedes that the Probation Office's demand that I pay on 10% of an alleged $98,958.51 gross income was wrong. *See* email from Officer to me dated September 15, 2023, *Motion* at Exhibit 11. Pending review of the Probation Office, I reject the 2022 income of $93,875.03 cited by the Government as well.

3. There is nothing complex or convoluted about my restitution payments. I owe restitution on income earned while on supervised release. The Probation Office believes I owe on income earned before I was on supervised release. I believe that – as the Officer permitted me to do through 2022 – I appropriately pay restitution a month in arrears when I file my financial report for the prior month. The Probation Office believes I must pay restitution on the month's income even before the month is over. That issue can and should be addressed after I receive the Probation Office response and can determine its current position.

4. I owed $8,846.94 in restitution last year. I ended up $308.19 (3.67%) short due to my misunderstanding as to the gross amount of my social security payment versus the net amount I received. When I discovered my error, I promptly paid the $308.19. This is not the picture of a malingering supervisee dodging restitution payment obligations.

5. Finally, the Government notes that I have in my possession $4,500 cash and $19,000 in certified checks. The government says that "[t]roublingly, the source of this money is not clear. But regardless of the source, It likely qualifies as income."

---

[1] The last time the Probation Office served me by mail with a responsive filing, I did not receive it for a week after it was filed.

6.     The only reason this is "[t]roubling[]" is that neither the Government nor the Probation Officer – whom I permitted to photograph the checks and cash last March – ever bothered to ask about them. As **Exhibit 15**[2] shows, I reported a number of assets in 2018 on my disclosure statement to the Presentence Report writer. One of those was an IRA account with E-Plan Services, then worth $97,214.00.[3]

7.     When I was sent to home confinement in October 2020 by the Bureau of Prisons, my son assisted me in cashing in that IRA because I needed money to live on while I got reestablished. That money was indeed income, but it was income in 2020 when I reported it as income in my Federal tax return (attached as **Exhibit 16**).[4] At the time I withdrew the money and the time I filed my tax return, I was in the custody of the BOP and not on supervised release.

8.     This is an illustration of the unfortunate tendency of the Probation Office and Government to fail to solicit information from me but instead elect to husband suspicions and innuendo – that an asset must be income subject to restitution not because they have evidence that such is so and not because I was unable to account for it when asked, but because it suits their argument.

---

[2]     I have numbered the exhibits sequentially from the ones previously filed.

[3]     I have redacted my social security number and included only the relevant pages of the disclosure statement, but I stand ready to provide the entire document at the Court's request. The Probation Office should already have this document in its files.

[4]     I have redacted my social security number and my accountant's tax identification information, and I have included only the relevant pages of the tax return. I stand ready to provide the entire document at the Court's request.

9.      I have declared all appropriate items of income when required to do so. As the exhibits show, my explanation would have been easy to obtain.

WHEREFORE, I should be granted permission to travel. The statements of fact made herein are true.

Executed September 27, 2023

_____
Diane Dalmy
Reg. No. 25737-014
2000 East 12th Avenue, #32
Denver CO 80206
(303) 870-4211
ddalmy@earthlink.net

## CERTIFICATE OF SERVICE

I herewith certify pursuant to 28 U.S.C. § 1746 that I have transmitted a manually-signed original of the foregoing *Supplement* by causing the same to ~~be sent through first-class mail, postage prepaid,~~ *hand delivered* addressed to the following:

> Clerk of Court
> U.S. District Court for
>   District of Colorado
> 901 19th Street, Room A105
> Denver CO, 80294-3589

and I have served a true and complete copy of the same by depositing said document by first-class mail, postage prepaid, addressed to the following:

J.D. Rowell
Office of United States Attorney
1801 California Street
Suite 1600
Denver, CO 80820

Damillah Williams
U.S. Probation Office
1929 Stout Street, Ste. C-120
Denver CO 80294

The foregoing statements are true under penalty of perjury.

Executed September 27, 2023

_____
Diane Dalmy