IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-cr-00294-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

DIANE DALMY,

    Defendant.

---

MOTION FOR LIMITED UNSEALING OF FILING

---

I, Diane Dalmy, proceeding *pro se*, herewith move the Court to order the Clerk to unseal the U.S. Probation Office's *Response* (ECF 14) to my *Motion for Permission to Travel and Other Relief* (ECF 11).

1.    On September 21, 2023, I filed a *Motion for Permission to Travel and Other Relief* in this Court, serving both the United States Attorney and the United States Probation Office with a copy of the document. The next day, this Court directed the United States Attorney and the United States Probation Office to "reply to defendant's 11 Motion to Travel on or before September 26, 2023.

2.    I received a service copy of the United States Attorney's Office's reply in the mail on September 30. I did not receive a copy of the filing by the United States Probation Office. This Court granted my *Motion* by an *Order* issued September 27, 2023.

- 1 -

3.      The Probation Office filing (ECF 14) had attached to it 15 exhibits and – according to the Government's *Response* – accused me of engaging in "mathematical gymnastics because I paid 2022 restitution of $8,538.75, 3.67% less than what it should be. I am not aware of all of the contents because the Probation Office did not serve a copy on me. When the matter previously arose in July 2023, the Probation Office declined to provide me with a copy and informed me that the Court would be providing me with a copy.

4.      My conditions of supervised release include a special condition that I participate in mental health treatment, in a program in which I have no expectation of confidentiality as to the contents or results of the treatment from the U.S. Probation Office.  As such, a condition of my supervised release implicates my liberty interest. *United States v. Barajas*, 331 F.3d 1141, 1147 (10th Cir. 2003).  Thus, I am entitled to procedural due process under the 5th Amendment. Such due process requires that "a district court must provide both the government and the defendant with notice of and an opportunity to contest in writing any information that is new and the court intends to rely on in addressing a § 3582(c)(2) motion." *United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010) (holding that the district court violated the defendant's due process rights by denying a motion based on a probation officer's memorandum that outlined the defendant's post-conviction conduct but was not docketed or given to either party). *Accord*, *United States v. Norris*, 62 F.4th 441, 448 (8th Cir. 2023); *United States v. Vestal*, 716 Fed.Appx 512, 514 (6th Cir. 2017).

5.      The Court granted me the right to visit my daughter over the weekend of October 4, for which I am grateful.  However, the Probation Office made some serious allegations in its filing, and I have the right to know what those are and on what allegations of fact they are based. At minimum, being aware of the Probation Office allegations will inform me more clearly of

where the Office believes I have fallen short and may resolve problems before they arise. Regardless, with the Office apparently suggesting that I have violated conditions of supervised release, I have a due process right to know the substance of those allegations. Even where a term of supervised release does not contain a special condition that implicates a liberty interest, courts have held that a district court "abuses its discretion when there is no 'opportunity [for a movant] to respond to [*prejudicial*] information' because he or she lacks access 'to the material on which the court will base its sentencing decision.'" *Norris, supra* citing *United States v. Alaniz*, 961 F.3d 998, 999 (8th Cir. 2020).

6.    Thus, the Court should direct the Clerk to provide me with a copy of the filing made by the Probation Office and direct that all further filings made by that Office in this case be served on me.

WHEREFORE, I move that the Court unseal the U.S. Probation Office *Response* (ECF 11) in order for the Clerk to provide me with a copy, and thereafter to reseal the document. The statements of fact made herein are true, under penalty of perjury.

Executed October 18, 2023

_____
Diane Dalmy
Reg. No. 25737-014
2000 East 12th Avenue, #32
Denver CO 80206
(303) 870-4211
ddalmy@earthlink.net

- 3 -

## CERTIFICATE OF SERVICE

I herewith certify pursuant to 28 U.S.C. § 1746 that I have transmitted a manually-signed original of the foregoing *Motion for Limited Unsealing of Filing* by causing the same to be sent through first-class mail, postage prepaid, addressed to the following:

>Clerk of Court
>U.S. District Court for
>   District of Colorado
>901 19th Street, Room A105
>Denver CO, 80294-3589

and I have served a true and complete copy of the same by depositing said document by first-class mail, postage prepaid, addressed to the following:

Andrea Surratt
Assistant United States Attorney
1801 California Street
Suite 1600
Denver, CO 80820

Damillah Williams
U.S. Probation Office
1929 Stout Street, Ste. C-120
Denver CO 80294

The foregoing statements are true under penalty of perjury.

Executed October 18, 2023

_____
Diane Dalmy